[Cite as *Robert v. Ohio Bur. of Motor Vehicles*, 2011-Ohio-3961.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JUSTIN ROBERT

    Plaintiff

    v.

OHIO BUREAU OF MOTOR VEHICLES

    Defendant

    Case No. 2010-12729-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} According to his complaint, on October 9, 2010, plaintiff, Justin Robert, was "pulled over, records showed plaintiff's license was suspended." Plaintiff alleged that there was "a misunderstanding with a previous case due to proof of insurance." Plaintiff asserted that he had provided proof of insurance to the court and that the court "sent in papers to DMV to cancel suspension of plaintiff's license. DMV never lifted suspension due to the mishap." Thus, plaintiff's car was impounded. Consequently, plaintiff filed this complaint against defendant, Bureau of Motor Vehicles (BMV), seeking to recover $136.00, for reimbursement of the impound fee and the $25.00 filing fee.

{¶ 2} Defendant stated that plaintiff received a traffic ticket on June 6, 2010, for operating a motor vehicle without a driver's license. On June 15, 2010, plaintiff entered a guilty plea to the charge and was convicted of such offense in the Lima County Municipal Court. According to BMV, the Lima Municipal Court reported to BMV that plaintiff failed to show proof of financial responsibility to either the law enforcement officer or the court as required by R.C. 4509.101.[1]

---

[1] 4509.101. Operation of motor vehicle without proof of financial responsibility prohibited;

{¶ 3} Defendant explained BMV acted upon information supplied by the Lima Municipal Court indicating plaintiff had failed to produce proof of insurance coverage. BMV contended all subsequent actions regarding plaintiff's license status were precipitated by information initially received from the Lima Municipal Court.

{¶ 4} On or about June 30, 2010, defendant mailed a "Notice of Suspension" letter to plaintiff at his listed address at 225 Colony Trl, Lima, Ohio 45804. This letter was designed to inform plaintiff his driver's license was being suspended for a failure to provide proof of financial responsibility. The suspension was to last from July 30, 2010,

---

compliance fund; accident report

(A) (1) No person shall operate, or permit the operation of, a motor vehicle in this state, unless proof of financial responsibility is maintained continuously throughout the registration period with respect to that vehicle, or, in the case of a driver who is not the owner, with respect to that driver's operation of that vehicle.

(2) Whoever violates division (A)(1) of this section shall be subject to the following civil penalties:

(a) Subject to divisions (A)(2)(b) and (c) of this section, a class E suspension of the person's driver's license, commercial driver's license, temporary instruction permit, probationary license, or nonresident operating privilege for the period of time specified in division (B)(5) of section 4510.02 of the Revised Code and impoundment of the person's license. The court may grant limited driving privileges to the person only if the person presents proof of financial responsibility and has complied with division (A)(5) of this section.

(b) If, within five years of the violation, the person's operating privileges are again suspended and the person's license again is impounded for a violation of division (A)(1) of this section, a class C suspension of the person's driver's license, commercial driver's license, temporary instruction permit, probationary license, or nonresident operating privilege for the period of time specified in division (B)(3) of section 4510.02 of the Revised Code. The court may grant limited driving privileges to the person only if the person presents proof of financial responsibility and has complied with division (A)(5) of this section, and no court may grant limited driving privileges for the first fifteen days of the suspension.

(c) If, within five years of the violation, the person's operating privileges are suspended and the person's license is impounded two or more times for a violation of division (A)(1) of this section, a class B suspension of the person's driver's license, commercial driver's license, temporary instruction permit, probationary license, or nonresident operating privilege for the period of time specified in division (B)(2) of section 4510.02 of the Revised Code. No court may grant limited driving privileges during the suspension.

(d) In addition to the suspension of an owner's license under division (A)(2)(a), (b), or (c) of this section, the suspension of the rights of the owner to register the motor vehicle and the impoundment of the owner's certificate of registration and license plates until the owner complies with division (A)(5) of this section.

(3) A person to whom this state has issued a certificate of registration for a motor vehicle or a license to operate a motor vehicle or who is determined to have operated any motor vehicle or permitted the operation in this state of a motor vehicle owned by the person shall be required to verify the existence of proof of financial responsibility covering the operation of the motor vehicle or the person's operation of the motor vehicle under any of the following circumstances:

(a) The person or a motor vehicle owned by the person is involved in a traffic accident that requires the filing of an accident report under section 4509.06 of the Revised Code.

(b) The person receives a traffic ticket indicating that proof of the maintenance of financial responsibility was not produced upon the request of a peace officer or state highway patrol trooper made in accordance with division (D)(2) of this section.

(c) Whenever, in accordance with rules adopted by the registrar, the person is randomly selected by the registrar and requested to provide such verification.

to July 30, 2013. The "Notice of Suspension" letter provided the following instructive language:

{¶ 5} "This suspension is because you did not prove insurance to a police officer or to the court after you received a traffic ticket. (R.C. 4509.101).

{¶ 6} "YOU CAN AVOID THIS SUSPENSION if you can prove to us that you did have insurance or other financial responsibility coverage (FR coverage) PRIOR to the time of your traffic offense and IN EFFECT FOR THE ABOVE VIOLATION DATE. To prove insurance or other FR coverage, return this notice along with ONE of the following WITHIN FIFTEEN (15) DAYS:

{¶ 7} "A copy of your automobile insurance identification (ID) card;

{¶ 8} "Or a copy of the declarations page of your policy;

{¶ 9} "Or a letter on insurance company letterhead signed by your insurance agent. The letter must include the following information:

{¶ 10} "Name of insurance company

{¶ 11} "Name and address of local agent

{¶ 12} "Name in which policy was issued

{¶ 13} "Policy number

{¶ 14} "Effective dates of policy (must include date of traffic offense)

{¶ 15} "Phone number of local agent (REQUIRED for verification)"

{¶ 16} Apparently, plaintiff did not respond to the suspension letter. Defendant asserted BMV did not receive a copy of the Lima Municipal Court journal entry filed July 16, 2010, which stated that the suspension reported to BMV was in error and should be removed from defendant's records. Plaintiff's license suspension status was deleted by BMV on October 12, 2010, after the Lima Municipal Court faxed a copy of the July 16, 2010 journal entry to BMV.

{¶ 17} Considering the information available to defendant, insufficient evidence has been offered to show that BMV acted improperly in listing plaintiff's license as suspended. Resulting monetary damages are recoverable when plaintiff proves, by a preponderance of the evidence, defendant erroneously records driver's license information. *Ankney v. Bureau of Motor Vehicles* (1998), 97-11045-AD; *Serbanescu v. Bureau of Motor Vehicles* (1994), 93-15038-AD; *Black v. Bureau of Motor Vehicles* (1996), 95-01441-AD. In the instant action, plaintiff has failed to prove that defendant

erroneously recorded his driver's license status. In situations based on financial responsibility noncompliance, BMV may not bear liability for damages proximately caused from suspending a driver's license in reliance upon erroneous information supplied by a municipal court. *Sullivan v. Bur. of Motor Vehicles*, 2006-04393-AD, 2007-Ohio-1267. Defendant's records were accurate under the circumstances when plaintiff's cause of action accrued. *Elliott v. Bureau of Motor Vehicles* (2002), 2001-02104-AD, jud.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JUSTIN ROBERT

    Plaintiff

    v.

OHIO BUREAU OF MOTOR  VEHICLES

    Defendant

    Case No. 2010-12729-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Justin Robert
129 ½ S. Broadway Apt. 1
Spencerville, Ohio  45887

John R. Guldin
Department of Public Safety
Bureau of Motor Vehicles
1970 West Broad Street
P.O. Box 182081
Columbus, Ohio  43218-2081

SJM/laa
4/20

Filed 5/5/11
Sent to S.C. reporter 8/10/11